UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRYANT LUMPKIN,

        Plaintiff,

v.                                   Case No. 8:24-cv-2857-WFJ-NHA

AMERICAN EXPRESS
COMPANY,

        Defendant.

_____/

## <u>REPORT AND RECOMMENDATION</u>

I respectfully recommend that the District Court grant in part Defendant's motion to dismiss the Complaint (Doc. 17), by dismissing Plaintiff's claim under Section 1691(d) of the Equal Credit Opportunity Act with prejudice, dismissing Plaintiff's claim under Section 1691(a) of the Equal Credit Opportunity Act and his claim for "unfair and deceptive practices" without prejudice, and granting Plaintiff leave to file an amended complaint within twenty-one days.

**Background**

Plaintiff Bryant Lumpkin alleges in his Complaint that he applied for an American Express Platinum Credit card on October 4, 2024, and that Defendant American Express National Bank denied that application. Comp.

1

(Doc. 1) ¶¶ 4.1, 4.3. Plaintiff alleges that the denial letter "failed to provide a clear and specific reason for the denial." *Id.* ¶ 4.4. Liberally construing his Complaint, Plaintiff appears to bring three claims[1] against Defendant: (1) violation of Section 1691(d) of the Equal Credit Opportunity Act ("ECOA") for failing to provide specific reasons for denying his credit application, (2) violation of Section 1691(a) of the ECOA for discriminating against Plaintiff based on his age in denying his credit application, and (3) violation of the Florida Unfair and Deceptive Trade Practices Act by providing a pretextual explanation of the denial  "leading Plaintiff to believe that age and capacity were impermissible factors in the decision." Doc. 1.

Defendant now moves to dismiss all claims with prejudice. Doc. 17. Specifically, Defendant argues that its credit card denial letter (*see* Doc. 11-1) defeats Plaintiff's Section 1691(d) claim, that Plaintiff fails to allege facts sufficient to plead a Section 1691(a) claim, and that he fails to identify a statutory basis for his "unfair and deceptive practices" claim. Doc. 17.

## Motion to Dismiss Standard

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not include "detailed

---

[1] Plaintiff brings two counts, but the first count (for violation of the Equal Credit Opportunity Act) appears to comprise two claims.

factual allegations" in the complaint, the requirement to demonstrate the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

These standards suggest a two-pronged approach for courts evaluating a motion to dismiss a complaint. *See id.* at 678–79; *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court should "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n*, 605 F.3d at 1290. While a court must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff, *Powell v. Thomas*, 643 F.3d 1300, 1302 (11th Cir. 2011), it need not consider "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," *Iqbal*, 556 U.S. at 678. Nor should it consider "a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S.

3

265, 286 (1986). Second, "where there are well-pleaded factual allegations, [a court should] assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n*, 605 F.3d at 1290 (internal quotation marks omitted).

Generally, in ruling on a motion to dismiss, the court must limit its consideration to the pleadings and exhibits attached to the pleadings; otherwise it must convert the motion into a motion for summary judgment. *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 627 (11th Cir. 2008) (citing *Grossman v. Nationsbank*, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000)). However, there are exceptions to this rule. First, a court may consider documents that are central to the plaintiff's claim and whose authenticity is not disputed without converting a motion to dismiss into a motion for summary judgment. *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). "In this context, 'undisputed' means that the authenticity of the document is not challenged." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley*, 304 F.3d at 1134). The Eleventh Circuit has also made clear "that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may consider such a document provided it meets the centrality requirement imposed in *Horsley*." *Id.* (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).

## Analysis

### I.    The Section 1691(d) Claim

Plaintiff first appears to bring a claim under Section 1691(d) of the ECOA,[2] alleging that Defendant "failed to provide a clear and specific reason" for denying his credit application. Complaint (Doc. 1) at ¶ 4.4. While Plaintiff fails to attach the credit application denial letter to his Complaint, he files it separately, asking the Court to take judicial notice of it. Doc. 11-1. Given that the denial letter is both undisputed[3] and central to the Complaint (Doc. 1 at ¶ 4.3 ("adverse action letter")), I consider the denial letter in evaluating the motion to dismiss. *Horsley*, 304 F.3d at 1134. The denial letter states that the reason for the denial was Plaintiff's "FICO score," and lists "Information About Your FICO Score:

> We obtained your FICO score from Experian and used it in making our credit decision. Your FICO score is a number that reflects the information in your credit report. Your FICO score can change, depending on how the information in your credit report changes. On October 4, 2024, your FICO score was 535. The FICO score ranges from 300 to 850. The following are the key factors that contributed to your FICO score:
>
> You have a serious delinquency on one or more of your accounts.

---

[2] Plaintiff does not specifically identify the subsection of ECOA under which he sues, and Defendant argues that this alone is a basis for dismissal of Count I.  But, the Supreme Court admonishes that the Court must construe pleadings filed by parties without lawyers liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), so I decline to recommend dismissal on this basis.

[3] Plaintiff asks the Court to take judicial notice of the letter (Doc. 11), and Defendant "does not dispute the substance of the NOAA" (Doc. 17 at p. 9).

The ratio of revolving account balances to their credit limits is too high.

The number of accounts that have or had a delinquency.

The time since your latest reported delinquency is too recent or unknown."

Doc. 11-1 at p. 1.

Defendant argues Plaintiff's claim under Section 1691(d) cannot survive because Defendant's letter shows that Defendant complied with the requirements of the ECOA. Doc. 17 at 11–13.

In Section 1691(d), the ECOA imposes obligations on bank that deny applications for credit. 15 U.S.C. § 1691(d). That Section states that, when a "creditor"[4] takes "adverse action"[5] against an applicant, the applicant "shall be entitled to a statement of reasons for such action." *Id.* § 1691(d)(2); *see also* 12 C.F.R. § 202.9(a)(2)(i); 12 C.F.R. § 1002.9(a)(2)(i). The "statement of reasons" must "contain[] the specific reasons for the adverse action taken." 15 U.S.C. § 1691(d)(3). Regulations issued by the Board of Governors of the Federal Reserve System and by the Consumer Financial Protection Bureau (the "CFPB") on the ECOA add that the statement of reasons "must be specific and

---

[4] A "creditor" is "any person who regularly extends, renews, or continues credit." 15 U.S.C. § 1691a(e).

[5] An "adverse action" is "a denial or revocation of credit, a change in the terms of an existing credit arrangement, or a refusal to grant credit in substantially the amount or on substantially the terms requested." 15 U.S.C. § 1691(d)(6).

indicate the principal reason(s) for the adverse action." 12 C.F.R. § 202.9(b)(2); 12 C.F.R. § 1002.9(b)(2).

Both the Board of Governors of the Federal Reserve System and the CFPB offer sample notification forms "for use in notifying an applicant that adverse action has been taken on an application." 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. The regulations provide that a creditor "may . . . use all or a portion of the [sample] forms" to satisfy its notification requirements. 12 C.F.R. pt. 202, App. C; 12 C.F.R. pt. 1002, App. C. Form C-1 includes a section concerning "Disclosure of Use of Information Obtained From an Outside Source" with the following language –

> We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.
>
> Your credit score:_____
>
> Date:_____
>
> Scores range from a low of_____to a high of_____
>
> Key factors that adversely affected your credit score:
> _____
> _____
> _____
> _____
> [Number of recent inquiries on consumer report, as a key factor]

12 C.F.R. pt. 202, App. C, Form C-1; 12 C.F.R. pt. 1002, App. C, Form C-1.

Recently, in *Barat v. Navy Fed. Credit Union*, 127 F.4th 833 (11th Cir. 2025), the Eleventh Circuit reviewed a district court's finding that a plaintiff failed to state a claim under Section 1691(d) of the ECOA when he alleged the defendant's notification of denying him a loan, which cited poor credit performance as its principal reason for the denial, violated the statute's notification requirement. The Court affirmed dismissal of the Complaint, explaining,

> The ECOA consequently required Navy Federal to provide an adequate statement of reasons for this denial. And, as Barat's complaint evidences, Navy Federal did provide an adequate reason: "Poor credit performance with Navy Federal." This reason is adopted directly from the sample forms provided by the Board of Governors of the Federal Reserve System and the CFPB. Navy Federal's use of this approved language in its required notification to Barat did not violate § 1691(d).

*Id.* at 836.

Here, as in *Barat*, the denial letter provides a specific principal reason for the denial (Plaintiff's FICO score). The denial letter states, "We obtained your FICO score from Experian and used it in making our credit decision. Your FICO score is a number that reflects the information in your credit report. Your FICO score can change, depending on how the information in your credit report changes. On October 4, 2024, your FICO score was 535. The FICO score ranges from 300 to 850." Doc. 11-1; *compare with* 12 C.F.R. pt. 202, App. C, Form C-1; 12 C.F.R. pt. 1002, App. C, Form C-1. The denial letter then lists specific key

8

factors impacting the credit score, including delinquencies on several accounts. Doc. 11-1. Because the denial letter uses a Federal Reserve System and CFPB-approved reason for the denial ("delinquent past or present credit obligations with others"), and uses Federal Reserve System and CFPB-approved language, it satisfies Section 1691(d)'s requirement that the letter list specific reasons for the adverse action taken. *Barat*, 127 F.4th at 836.

For this reason, I find that Plaintiff's submission, of which I take judicial notice, defeats his claim for violation of Section 1691(d) of the ECOA. Given that any amendment of this claim would be futile, I recommend this claim be dismissed with prejudice.[6]

## II.    The Section 1691(a) Claim

Plaintiff next appears to make a claim, under Section 1691(a) of the ECOA, that Defendant discriminated against him based on his age when it denied his credit application. Complaint (Doc. 1) at ¶ 5.3. As to this claim, Plaintiff alleges that he submitted an application for an American Express Platinum Card (*id.* at ¶ 4.1) and that he provided all required documents and "demonstrate[ed] financial capacity" (*id.* at ¶ 4.2) but that Defendant denied the application (*id.* at ¶ 4.3). Regarding discrimination, Plaintiff alleges that

---

[6] "[A] district court need not allow even a pro se plaintiff leave to amend where an amendment would be futile." *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).

"age and capacity were impermissible factors influencing Defendant's decision, as there was no legitimate financial basis for the denial" (*id.* at ¶ 4.5) and that "Defendant's failure to provide a clear and specific reason for denial, coupled with the inclusion of a broad disclaimer, created a reasonable belief that Plaintiff was subject to discrimination based on age . . . ." (*id.* at ¶ 5.3). Defendant moves to dismiss this Count, because Plaintiff fails to allege sufficient facts to state a claim under Section 1691(a). Doc. 17.

Section 1691(a) is an anti-discrimination provision that creates a private right of action against a creditor who "discriminate[s] against any applicant, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a)(1). Thus, to state a claim under 15 U.S.C. § 1691(a)(1), a plaintiff must plead facts showing (1) he was a member of a protected class; (2) he applied for credit from the defendant; (3) he was qualified for the credit; (4) despite qualifying, he was denied credit; and (5) defendant treated similarly situated persons who were not in the protected class more favorably. *Stefanowicz v. SunTrust Mortg.*, 765 F. App'x 766, 772 (3d Cir. 2019).

Even construing the pleadings in his favor, Plaintiff has not alleged sufficient facts to establish an age discrimination claim under the ECOA. Although Plaintiff alleges that he completed his application and "demonstrate[d] financial capacity" (Compl. (Doc. 1) at ¶ 4.2), he fails to plead

facts supporting the conclusion that he was qualified (i.e. credit-worthy) for Defendant's Platinum credit card. Additionally, Plaintiff has not alleged his age, or other membership in a protected class, and has not alleged that other, similarly situated applicants (e.g., those who were either younger or older than him) were treated more favorably. *See Stefanowicz*, 765 F. App'x at 772. Because Plaintiff fails to state a Section 1691(a) claim, I recommend the District Court grant the motion to dismiss as to this claim.

Defendant argues that the Court should dismiss the motion with prejudice given that, because of his FICO score, Plaintiff *cannot* show that he was qualified. However, whether Plaintiff's FICO score qualified him for Defendant's credit card appears to be an evidentiary question not appropriately resolved in deciding a motion to dismiss. Accordingly, I recommend the Court dismiss the Section 1691(a) claim without prejudice and give Plaintiff leave to amend this claim.[7]

### III.   The "Unfair and Deceptive Practices" Claim

Plaintiff's final claim is for "unfair and deceptive practices." Complaint (Doc. 1). Here, he alleges, "Defendant implemented internal practices that appear to arbitrarily exclude applicants who meet federal and institutional

---

[7] "Generally, a district court must sua sponte provide a pro se plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." *Ross v. Apple, Inc.*, 741 F. App'x 733, 736 (11th Cir. 2018) (citing *Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003)).

requirements, violating federal lending laws," presumably referencing the ECOA, and "Defendant's adverse action and lack of legitimate reasoning created a deceptive process, leading Plaintiff to believe that age and capacity were impermissible factors in the decision." *Id.* at ¶ 5.6, 5.7.

As Defendant correctly notes, Plaintiff fails to identify a statutory basis for his claim. When a plaintiff fails to identify the provision under which his cause of action falls, the Court, in affording pro se litigants wide latitude, may use common sense to ascertain the violations alleged in a pro se pleading. *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Here, given the name of the claim, I construe the claim as arising under the Florida Unfair and Deceptive Trade Practices Act (FDUTPA).

A violation of the FDUTPA has three elements: (1) an objectively deceptive act or unfair practice in the conduct of any trade or commerce; (2) that caused; and (3) actual damages. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). An objective test is used to determine whether an act is deceptive under the FDUTPA, and, to prove causation, "the plaintiff must show that 'the alleged practice was likely to deceive a consumer acting reasonably in the same circumstances.'" *Carriuolo*, 823 F.3d at 983–84. An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *PNR, Inc.*

*v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003) (citation omitted).

Actual damages under the FDUTPA "are measured according to 'the difference

in the market value of the product or service in the condition in which it was

delivered and its market value in the condition in which it should have been

delivered according to the contract of the parties.'" *Carriuolo*, 823 F.3d at 986

(citation omitted). Importantly, "[a] plaintiff . . . cannot state a cause of action

under FDUTPA if the consumer fails to plead that they suffered actual

damages." *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir.

2021).

Here, Plaintiff has not asserted sufficient factual allegations to state a

claim under the FDUTPA. First, he did not allege any deception that was likely

to deceive a reasonable consumer. The sole statement at which Plaintiff takes

aim is Defendant's stated basis for denying his credit application (that his

credit application was denied because of his FICO score) which Plaintiff says

"lack[s] . . . legitimate reasoning." First, Plaintiff has alleged no facts

demonstrating that the statement is objectively misleading. And second, it

does not appear to be a statement that would mislead consumers into entering

any transaction, as required under the statute. *See Maor v. Dollar Thrifty

Auto. Grp., Inc.*, No. 15-22959-CIV, 2018 WL 4698512, at *6 (S.D. Fla. Sept.

30, 2018) ("[T]he purported deception must be available to a reasonably

objective consumer at the time he/she entered into the transaction"). Thus, the

13

claim, as stated, fails for lack of causation. *CWELT-2008 Series 1045 LLC v. PHH Corp.*, No. 1:20-CV-20334, 2020 WL 2744191, at \*6 (S.D. Fla. May 27, 2020 ("Like the plaintiff in *Maor*, if there was any deception, it was only after-the-fact and, thus, the FDUTPA claim consequently fails for lack of causation."). Finally, Plaintiff fails to identify any damage, i.e., any reduction in value of services or property that were the "subject of a consumer transaction," caused by the alleged deception. *See* Fla. Stat. § 501.212(3); *see also Debernardis v. IQ Formulations*, LLC, 942 F.3d 1076, 1084 (11th Cir. 2019) ("A person experiences an economic injury when, as a result of a deceptive act or an unfair practice, he is deprived of the benefit of his bargain.")

Because Plaintiff fails to state a claim under the FDUTPA, I recommend the District Court dismiss Plaintiff's "unfair and deceptive practices" claim without prejudice and give Plaintiff leave to amend this claim.

## Conclusion

I respectfully recommend that the Court grant in part Defendant's Motion to Dismiss by:

1.    denying Plaintiff's Section 1691(d) claim with prejudice, meaning Plaintiff cannot re-file that claim;

2.    denying Plaintiff's Section 1691(a) claim without prejudice, meaning Plaintiff can re-file that claim;

14

3. denying Plaintiff's "unfair and deceptive practices" claim without prejudice, meaning Plaintiff can re-file that claim; and

4. and giving Plaintiff leave to file an amended complaint to address the deficiencies identified here, within 21 days of the Court's Order.

SUBMITTED on March 27, 2025.

_Natalie Hirt Adams_
NATALIE HIRT ADAMS
United States Magistrate Judge

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.