UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRYANT LUMPKIN**,

    Plaintiff,

v.                                                                  Case No. 8:24-cv-2857-WFJ-NHA

**AMERICAN EXPRESS COMPANY**,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's motion to dismiss the Complaint. Dkt. 17. The United States Magistrate Judge issued a Report and Recommendation (the "Report") that the motion be granted in part by dismissing the claim under Section 1691(d) of the Equal Credit Opportunity Act ("ECOA") with prejudice and the Section 1691(a) claim without prejudice. Dkt. 48. Plaintiff filed objections and other submissions. Dkts. 50, 51, 52, 53. Defendant filed its response to Plaintiff's objections. Dkt. 60.

When a party makes timely and specific objections to a magistrate judge's report and recommendation, a district judge shall conduct a *de novo* review of the portions of the record to which an objection is made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). After such independent review, the Court may accept, reject, or

1

modify the magistrate judge's Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Macort v. Prem. Inc.*, 208 F. App'x 781, 783–84 (11th Cir. 2006) (citing published opinion).

Plaintiff has filed multiple "objections" to the Report. Dkts. 50, 51, 52, 55. The Court considers Dkt. 55 to be Plaintiff's main objection to the Report. Liberally construing the filing, the Court believes Plaintiff is raising three objections to the Report: (1) the Magistrate Judge erred in deciding that American Express's notice of adverse action ("NOAA") did not violate 15 U.S.C. §1691(d)(2) of the ECOA and the Truth In Lending Act ("TILA") because it provided sufficient reasons for the denial of Plaintiff's credit application; (2) the Report erred because American Express's decision to deny Plaintiff's credit application was based upon arbitrary practices in violation of the ECOA's "prohibition on discriminatory and unaccountable credit decision-making"; and (3) Magistrate Judge's recommendation to revoke Plaintiff's [*In Forma Pauperis*] IFP status and dismiss the Complaint was procedurally improper and violated due process. Dkt. 55 at 1–4.

Beginning with Plaintiff's first objection, the Court agrees with the Magistrate Judge's well-reasoned and thorough analysis to dismiss Plaintiff's 15 U.S.C. §1691(d) claim with prejudice. American Express's NOAA informed Plaintiff that the principal reason for the denial was his low FICO credit score (i.e., poor credit), which is sufficiently specific under Section 1691(d). *See* Dkt. 11-1 at 1. Indeed, as

the Report explains, "[b]ecause the denial letter uses a Federal Reserve System and CFPB approved reason for the denial ('delinquent past or present credit obligations with others') and uses Federal Reserve System and CFPB-approved language, it satisfies Section 1691(d)'s requirement that the letter list specific reasons for the adverse action taken." Dkt. 48 at 9. Moreover, the Eleventh Circuit recently affirmed that using CFPB forms and specifying the reason for denial as "poor credit" complies with Section 1691(d)'s requirements. *Barat v. Navy Fed. Credit Union*, 127 F.4th 833, 836 (11th Cir. 2025).

Next, Plaintiff objects to the Report's finding that Plaintiff failed to state a claim under Section 1691(a) of the ECOA for discrimination against him based on his age when Defendant denied his credit application. The Court disagrees. The Report provided a detailed analysis of why Plaintiff failed to allege sufficient facts to establish an age discrimination claim under the ECOA. *See* Dkt. 48 at 9–11. Specifically, Plaintiff has failed to allege sufficient facts that "he was qualified (i.e., credit-worthy) for Defendant's Platinum credit card" and "similarly situated applicants (e.g., those who were either younger or older than him) were treated more favorably." *Id.* at 11.

Importantly, Plaintiff never makes any "specific" objections to the Report as required by Federal Rule of Civil Procedure 72(b)(2). Instead, he makes general, conclusory objections that "opaque and arbitrary practices violate ECOA's

3

prohibition on discriminatory and unaccountable credit decision-making." Dkt. 55 at 4. Such conclusory statements do not specifically address how the Magistrate Judge erred in her legal or factual analysis. *See Macort*, 208 F. App'x at 783 (explaining that a challenge to a report and recommendation must identify "the specific basis for objection" (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989))). The Court affirms the Report's finding to dismiss Section 1691(a) claim without prejudice.

      Finally, Plaintiff claims the Magistrate Judge's decision to "revoke Plaintiff's IFP status and dismiss the Complaint was procedurally improper and violated due process." Dkt. 55 at 4. Not so. Concerning his *in forma pauperis* status, an evidentiary hearing was held on March 4, 2025, and Plaintiff had an opportunity to present evidence and "clarify" his financial circumstances. Dkt. 39. Next, on April 1, 2025, this Court entered an order confirming the jurisdiction of the Magistrate Judge. Dkt. 54. As for Plaintiff's arguments about a possible due process violation, he does not provide a viable legal basis or analysis. Plaintiff's citations to *Mathews v. Eldridge*, 424 U.S. 319 (1976) and *Ramirez v. TransUnion*, 141 S. Ct. 2190 (2021) (*see* Dkt. 50 at 4) are inapposite and summarily cited without any explanation for how they apply to the Magistrate Judge's findings.

      At bottom, while Plaintiff has expressed his disagreement with the Magistrate Judge's recommended findings, he fails to explain the basis for his disagreement,

4

and he identifies no legal or factual error in the Report. *See McCullars v. Comm'r, Soc. Sec. Admin.*, 825 F. App'x 685, 694 (11th Cir. 2020) (holding that the district court did not abuse its discretion by declining to review a report and recommendation *de novo* where the plaintiff "made conclusory objections" that were "unaccompanied by legal analysis").

## CONCLUSION

Accordingly, after conducting an independent examination of the file, the Court entirely agrees with the Magistrate Judge and rules as follows:

1. Plaintiff's objections (Dkts. 50 and 55) are **OVERRULED.**

2. The Report and Recommendation (Dkt. 48) is **ADOPTED, CONFIRMED**, and **APPROVED** in all respects and made a part of this order.

3. Defendant's motion to dismiss (Dkt. 17) is **GRANTED in part.**

4. Plaintiff's Complaint (Dkt. 1) is **DISMISSED with prejudice** as to the claim under Section 1691(d) of the ECOA and **DISMISSED without prejudice** as to the claim under Section 1691(a) of the ECOA and the claim for "unfair and deceptive practices."

5. If Plaintiff wishes to proceed, he must file an Amended Complaint for the two claims dismissed without prejudice within **fourteen days** (14). If an Amended Complaint (in accordance with the Report and

Recommendation) is not filed in a timely manner, this case will be dismissed and closed without further notice.

**DONE AND ORDERED** at Tampa, Florida, on April 15, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Plaintiff, *pro se*
Counsel of record